# Independent School District of Chewton Appeal.

Argued September 26, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Thomas V. Mansell,* with him *Ronald E. Jones,* and *Mansell and McKee,* for appellant.

*Alfred V. Papa,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 16, 1961:

This appeal is from the order of the court below abolishing the Independent School District of Chewton, Lawrence County, Pennsylvania. The action was commenced pursuant to the provisions of the Act of November 9, 1959, P. L. 1391, No. 490, §1, 24 PS §2-243.

The Independent School District of Chewton was created on June 27, 1911, out of a part of Wayne Township. It is a district of the fourth class. The present action was instituted by a petition filed by 258 taxpayers of the district whom the court below found to constitute a majority of the taxpayers of the district.

The Act of 1959, supra, provides as follows: "Any independent school district, established as herein provided, may be abolished at any time by the court of common pleas of the county in which its school buildings are located, on the petition of its board of school directors, or on the petition of a majority of the resident taxpayers in the independent school district, after hearing, of which due notice shall be given, as the court may direct, to the school district or districts to which its lands would revert."

The question here presented has been stated by the parties to this appeal in almost identical language. "Can the Court of Common Pleas abolish an Independent School District without the vote of the people, under the provisions of the Public School Code, when to do so would place the Independent School District in its original district, which is now a Union District?" The question, as stipulated, requires a review of the following additional facts.

On July 1, 1959, there was born a third class school district, known as the Ellwood Union District. This was comprised of the boroughs of Ellport and Ellwood and the townships of Wayne and Perry. The Wayne Township School District, previously existing, together with the Independent School District of Chewton, had both been created out of different parts of Wayne Township. Appellant contends that by virtue of the Wayne Township School District's membership in the Ellwood Union District, there remained, as of the date of the final order entered below, no existing school district to which the Independent School District of Chewton could revert upon its abolition.

The order below decreed that "the Independent School District of Chewton, Lawrence County, Pennsylvania, be abolished and shall revert to the School District of Wayne Township, Lawrence County, Pennsylvania, wherein the former Independent School District of Chewton was situate."

The Act of 1959, supra, with respect to the reversion of territory of an independent district abolished pursuant to its provisions, recited above, provides as follows: "When so abolished, the territory thereof *shall become part of and belong to the several school districts, within whose boundaries the same is situated,*[1] and its property and indebtedness, if any, shall be apportioned among them as hereinbefore provided. When territory of an independent district so abolished is situated within the boundaries of more than one school district, the court may direct, after public hearing as herein provided, that all territory of the independent district shall become a part of and belong to the school district in which the majority of the residents select to have the board of school directors assign the children."

---

[1] Emphasis, ours.

The parties are agreed that, if Wayne Township School District were still in existence, the court had the power to abolish the independent district. But, appellant contends that, since the former Wayne Township School District had joined the Union District, the lower court erred in ordering the independent district to "revert to the School District of Wayne Township." By this order, argues the appellant, the lower court, in effect and in a manner not in accordance with statute, enlarged the Ellwood Union District. Appellant cites the statutory authority which, it submits, must be complied with in the formation and enlargement of such districts and it is clear that the various steps therein specified for such formation and enlargement were not taken in this case. But the single question presented to us for decision is whether or not the lower court had the power to abolish the independent district, without a vote of the people, under the circumstances of this case. The authority given the courts of common pleas by the Act of November 9, 1959, supra, to abolish the independent school districts upon the petition of a majority of the resident taxpayers of said districts is unqualified and absolute. Appellant has cited no authority, nor has our independent research revealed any, which makes such power in the courts of common pleas dependent on the existence of other districts to which abolished independent districts revert by specific provisions of statute. While it is the legality and not the wisdom of the abolition decreed below with which we are exclusively concerned, the lower court's findings of fact, the dismissed exceptions to which have been abandoned on this appeal, seem fully to justify the order abolishing the Independent School District of Chewton.

The sole question involved, as posed in stipulated form by opposing counsel, is narrow; and, being an-

swered in the affirmative, nothing further needs be said. To have resolved the issue otherwise would have been for us to read into the Act of 1959, supra, a restrictive condition which not only does not therein appear but which, indeed, seems repugnant to the unequivocal language in which the Act is phrased. Its clear intent, as we see it, was to confer upon the courts of common pleas of the counties wherein the affected district's school buildings are situate an unqualified power of abolition, the exercise of which is made dependent only upon compliance by the petitioning parties with the procedural steps therein outlined. We have studied the various statutes cited to us by appellant as being inconsistent with so broad a power in the common pleas courts, but nowhere in those enactments does the Assembly express or intimate either repeal or suspension of the Act of 1959, supra. Nor is it our function to repeal or suspend. If the exercise by the lower courts of authority in matters specifically referred to them by statute seems, at times, to lead to resulting inharmonious situations, it is for the Legislature, and not for this Court, to resolve the seeming incongruity. That the power of the lower courts to abolish independent school districts is unshackled is apparent by a reading of the Act by which the power is conferred. Whether in a given case there is an abuse of that power, as for example, where the testimony relied upon for the affirmative exercise of the power is clearly insufficient to support such action, is another matter altogether; the power remains.

The question so answered, the order of the lower court is affirmed.